**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:

THE POLICE RETIREMENT SYSTEM OF ST. LOUIS,
derivatively on behalf of THE WESTERN UNION COMPANY,

       Plaintiff,

v.

HIKMET ERSEK,
DINYAR S. DEVITRE,
LINDA FAYNE LEVINSON,
MICHAEL A. MILES, JR.,
BETSY D. HOLDEN,
ALAN J. LACY,
WULF VON SCHIMMELMANN,
DENNIS STEVENSON,
ROBERTO G. MENDOZA,
JACK M. GREENBERG,
RICHARD A. GOODMAN,
SOLOMON D. TRUJILLO, and
SCOTT T. SCHEIRMAN,

Defendants,

and

THE WESTERN UNION COMPANY,

Nominal Defendant.

---

**NOTICE OF REMOVAL**

---

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446,

Defendant Dinyar S. Devitre, a citizen of New York, hereby removes to this Court the above-

captioned state court action, which, at the time of this filing, was pending as Case No.

2014CV34639 in the District Court for Denver County, Colorado.  The grounds for removal are

set forth in further detail below.

1.        This is a shareholder derivative action that was filed on behalf of nominal

defendant The Western Union Company ("Western Union" or the "Company"), alleging

breaches of fiduciary duty, waste, and unjust enrichment against certain current and former

directors and officers of Western Union (the "Individual Defendants").

2.        This action is the eighth shareholder derivative action filed in the wake of—and

alleging breaches of fiduciary duty and seeking damages related to—a securities class action

filed in this Court on December 10, 2013, against Western Union and two of its officers.  *City of*

*Taylor Police & Fire Ret. Sys. v. The Western Union Co. et al.*, Case No. 1:13-cv-03325.[1]  Six of

the shareholder derivative actions are pending in this Court, awaiting a ruling on plaintiffs'

motions to consolidate and appoint a lead plaintiff (the "Federal Derivative Actions").[2]  The

---

[1] Following the appointment of lead plaintiffs under the Private Securities Litigation Reform Act, the action was re-captioned *SEB Asset Management S.A. et al. v. The Western Union Company et al.*  A third officer also was added as a defendant.

[2] The Federal Derivative Actions are:  *Lieblein v. Ersek et al.*, 14-cv-00144-MSK-KLM (filed Jan. 19, 2014); *Klein v. Ersek et al.*, 14-cv-0385-WJM-MJW (filed Feb. 11, 2014); *The City of Cambridge Retirement System v. Devitre et al.*, 14-cv-0451-MSK-CBS (filed Feb. 20, 2014); *Mayar Fund Ltd. v. Ersek et al.*, 14-cv-0599-MSK-MEH (filed Feb. 26, 2014); *The Louisiana Municipal Police Employees' Retirement System v. Devitre et al.*, 14-cv-00641-MSK-BNB (filed Feb. 28, 2014); *MARTA/ATU Local 732 Employees Retirement Plan v. Ersek, et al.*, 14-cv-00708-MSK-CBS (filed March 7, 2014).

seventh shareholder derivative action was filed in Colorado state court in Douglas County, and it

has been stayed in favor of the Federal Derivative Actions since March 12, 2014.[3]

3.       In a transparent attempt to avoid the already pending proceedings, this action was

filed in the District Court for Denver County, Colorado, on December 10, 2014.  A copy of

Plaintiff's Verified Shareholder Derivative Complaint for Breach of Fiduciary Duty, Waste of

Corporate Assets, and Unjust Enrichment (the "Complaint") is attached hereto as Exhibit A.  The

Complaint was verified by Stephen G. Olish, who is the Executive Director of The Police

Retirement System of St. Louis.

4.       This action is a civil action of which this Court has original jurisdiction pursuant

to 28 U.S.C. § 1331 because the Complaint raises a federal question and is premised in part on

the resolution of the federal securities class action.  This Court also has original jurisdiction

under 28 U.S.C. § 1332(a)(3) because this is a civil action wherein the amount in controversy

exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different

states and in which citizens or subjects of a foreign state are additional parties.

5.       Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because this district

embraces the place where this action was initially filed.

6.       In compliance with 28 U.S.C. § 1446(a), this Notice is signed pursuant to Rule 11

of the Federal Rules of Civil Procedure.

7.       None of the Individual Defendants has been served in this action.  Although it is

not necessary, given that they have not yet been served, *see* 28 U.S.C. § 1446(b)(2)(A), all of the

---

[3] *Natalie Gordon v. Hikmet Ersek et al.*, Case No. 2014CV030035 (District Court for Douglas
County, Colorado) (filed Jan. 10, 2014).

Individual Defendants consent to the removal of this action.[4]  Western Union was served on

December 15, 2014.  However, as discussed further below, Western Union is named only as a

nominal defendant in the Complaint, and no relief is sought from it.  Although, as a nominal

defendant, its consent is not necessary, Western Union also consents to the removal of this

action.

        8.      Given that the Complaint was filed on December 10, 2014, and that none of the

Individual Defendants has been served, this Notice of Removal is timely under 28 U.S.C.

§ 1446(b).

        9.      The Court has original jurisdiction pursuant to 28 U.S.C. § 1331.  By its terms,

the Complaint not only makes reference to alleged violations of the federal securities laws, but in

Count II, the Complaint specifically seeks recovery based on the pending securities class action:

 "the Individual Defendants have wasted corporate assets by forcing the Company to expend

valuable resources in defending itself in the securities class action that the Individual Defendants

brought on with their improper statements."  (Complaint, ¶ 141.)  Accordingly, the Complaint

itself on its face raises issues of federal law which will have to be decided, because its claim of

"waste" depends, at least in part, on whether the federal securities class action does or does not

have any merit; if the securities class action is meritless, it can hardly be deemed to be waste to

have expended resources defending against such claims.  Thus, the allegations of at least Count

II depend largely upon the resolution of the underlying federal securities claims.

---

[4] Defendants reserve any and all defenses, including that this Court lacks personal jurisdiction
over them.

10.     Therefore, the requirements of 28 U.S.C. § 1331 are present and this action may

properly be removed to this Court under 28 U.S.C. § 1441(a).

11.     The Court also has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(3).  The

amount in controversy exceeds the jurisdictional requirement of $75,000.  The Complaint alleges

that the 13 Individual Defendants caused "billions of dollars in damages to Western Union, in

addition to damage to its reputation, goodwill, and standing in the business community."

(Complaint, ¶ 1; *see also id.* ¶¶ 113-15) (describing alleged damages to Western Union,

including "costs incurred in investigating and defending the Company and certain of its officers

in the pending securities class action lawsuit" and "costs incurred from the Company buying

back $1.6 billion worth of its artificially inflated shares of Company stock").

12.     There also is complete diversity of citizenship.  Plaintiff The Police Retirement

System of St. Louis is a defined benefit plan established by Missouri statute.  In other

shareholder derivative litigation brought by The Police Retirement System of St. Louis and

verified by Mr. Olish, The Police Retirement System of St. Louis has alleged that it is a citizen

of Missouri.  *See St. Louis Police Ret. Sys. v. Severson*, Case No. 4:12-cv-5086-YGR (N.D.

Calif.), Verified Shareholder Class Action and Derivative Complaint ¶ 14 (relevant pages

attached as Ex. B).  Thus, The Police Retirement System of St. Louis is a citizen of Missouri for

purposes of diversity jurisdiction.  *See also*, *e.g.*, *New York State Teachers Ret. Sys. v. Kalkus*,

764 F.2d 1015, 1016 (4th Cir. 1985) (New York Teachers Retirement System a citizen of

New York for purposes of diversity jurisdiction); *Louisiana Mun. Police Employees' Ret. Sys. v.*

*Medco Health Solutions, Inc.*, No. 2:11-CV-4211 DMC MF, 2011 WL 4386774, at *2 (D.N.J.

Sept. 19, 2011) (Louisiana Municipal Employees' Retirement System a citizen of Louisiana for

purposes of diversity jurisdiction); *Accenture LLP v. CSDV-MN Ltd. P'ship*, No. 06-CV-1270, 2006 WL 3825029, at \*3 (N.D. Ill. Dec. 27, 2006) (California Teachers Retirement System a citizen of California for purposes of diversity jurisdiction).

13.     None of the Defendants is a citizen of Missouri.  Mr. Devitre is a citizen of New York.  Three of the Individual Defendants (Messrs. Ersek and von Schimmelman and Lord Stevenson) are citizens of a foreign nation, two of whom reside abroad and one of whom resides in Colorado.  The remaining Individual Defendants are citizens of California, Colorado, Illinois, Massachusetts, and New York.  Accordingly, complete diversity of citizenship exists. 2014.[5]

14.     Given that none of the Individual Defendants has been served in this action, removal is proper under 28 U.S.C. § 1441 notwithstanding that at least one of the Individual Defendants (Mr. Scheirman) is a citizen of Colorado.  Section 1441(b)(2) provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined *and served* as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2) (emphasis added).  Thus, although at least one Individual Defendant is a citizen of Colorado, because none of the Individual Defendants has been properly joined *and served*, Mr. Devitre may remove the action to this Court.  *See, e.g.*, *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001) ("Where there is complete diversity of citizenship … the inclusion of an *unserved* resident defendant in

---

[5] Nominal Defendant Western Union is incorporated in Delaware and has its principal place of business in Colorado, and hence is a citizen of Delaware and Colorado.  As explained further below, because it is a nominal defendant, its citizenship is irrelevant for purposes of diversity jurisdiction.  Regardless, it is completely diverse from Plaintiff.

the action does not defeat removal under 28 U.S.C. § 1441(b).") (emphasis in the original);

*Boyer v. Wyeth Pharm., Inc.*, No. CIV.A. 12-739, 2012 WL 1449246, at *3 (E.D. Pa. Apr. 26,

2012) ("The pre-service removal of this action by a non-forum defendant where the forum

defendant had not been served prior to removal was proper under the unambiguous language of §

1441(b)."); *Ripley v. Eon Labs Inc.*, 622 F. Supp. 2d 137, 140 (D.N.J. 2007) ("The Court finds

that the plain language of 28 U.S.C. § 1441(b) does not bar the Defendants' removal in this case

because at the time that the action was removed, the Defendants had not yet been 'properly

joined and served.'").

15.     Western Union is named only as a nominal defendant and no relief is sought from

it.  Nor to date has Western Union been asked by Plaintiff here to adopt any position with respect

to this litigation, or made any decision in that regard.  That Western Union has been served does

not defeat removal.  This is because nominal defendants are disregarded when assessing whether

there is diversity jurisdiction and are not a "part[y] in interest" for purposes of Section 1441(b).

*See Beck v. CKD Praha Holding, A.S.*, 999 F. Supp. 652, 655 (D. Md. 1998) (in assessing

diversity jurisdiction in a shareholder derivative action, "the nominal corporation is essentially

disregarded"); *see also Argo Global Special Situations Fund v. Wells Fargo Bank, N.A.*, 810 F.

Supp. 2d 906, 912 n.9 (D. Minn. 2011) ("whether diversity exists is evaluated only with respect

to the real parties in interest, not also with respect to merely nominal defendants"); *Roche*

*Constructors, Inc. v. One Beacon Am. Ins. Co.*, No. 11-CV-01903, 2012 WL 1060000, at *3 (D.

Colo. Mar. 28, 2012) ("As judicially interpreted, § 1446(b) requires all served defendants, except

nominal defendants, to join or consent to the removal petition within thirty days of service,

commencing when the first defendant is served.") (quoting *Scheall v. Ingram*, 930 F. Supp.

1448, 1449 (D. Colo. 1996)).

16.     Therefore, all of the requirements of 28 U.S.C. § 1332 are present and this action

may properly be removed to this Court under 28 U.S.C. § 1441(a).

17.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served

upon counsel for Plaintiff, and a copy will be filed with the Clerk of the District Court of Denver

County, Colorado, the state court in which this action was initially filed.

18.     Pursuant to D.C.COLO.LCivR 3.2, Mr. Devitre gives notice of the following

related cases, which have at least one party in common and have common questions of law and

fact:  *SEB Asset Management. v. The Western Union Co. et al.*, No. 13-cv-03325-MSK-MJW;

*Lieblein v. Ersek et al.*, No. 14-cv-00144-MSK-KLM; *Klein v. Ersek et al.*, No. 14-cv-00385-

WJM-MJW; *City of Cambridge Retirement System v. Devitre et al.*, No. 14-cv-00451-MSK-

CBS; *Mayar Fund Ltd. v. Ersek et al.*, No. 14-cv-0599-MSK-MEH; *Louisiana Municipal Police*

*Employees' Retirement System v. Devitre et al.*, 14-cv-00641-MSK-BNB; *MARTA/ATU Local*

*732 Employees Retirement Plan*, 14-cv-00708-MSK-CBS.

19.     Pursuant to 28 U.S.C. § 1446(a), the Delay Reduction Order entered by the

District Court of Denver County on December 11, 2014, is attached as Exhibit C.

Dated:  December 17, 2014                    Respectfully submitted,

/s/ Matthew J. Smith
Holly Stein Sollod
Matthew J. Smith
Kevin C. McAdam
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, CO 80202-3979
Telephone: 303-295-8000

David F. Graham
Hille R. Sheppard
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone:  312-853-7000

Attorneys for Defendant Dinyar S. Devitre

CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2014, I caused to be electronically filed the foregoing

with the Clerk of Court using the CM/ECF system.  I further certify that I will send notification of

such filing to the following e-mail and U.S. mail addresses:

Daniel A. Wartell, No. 34902
JONES & KELLER, P.C.
1999 Broadway, Suite 3150
Denver, CO 80202
Tel:  303-573-1600
Fax:  303-573-8133
Email:  dwartell@joneskeller.com

                                        /s/ Kevin C. McAdam

7399035_1