**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 14-cv-3404-WJM-CBS

POLICE RETIREMENT SYSTEM OF ST. LOUIS, derivatively on behalf of THE
WESTERN UNION COMPANY,

      Plaintiff,

v.

HIKMET ERSEK,
DINYAR S. DEVITRE,
LINDA FAYNE LEVINSON,
MICHAEL A. MILES, JR.,
BETSY D. HOLDEN,
ALAN J. LACY,
WULF VON SCHIMMELMANN,
DENNIS STEVENSON,
ROBERTO G. MENDOZA,
JACK M. GREENBERG,
RICHARD A. GOODMAN,
SOLOMON D. TRUJILLO, and
SCOTT T. SCHEIRMAN,

      Defendants,

and

THE WESTERN UNION COMPANY, a Delaware corporation,

      Nominal Defendant.

---

## ORDER DENYING MOTION TO REMAND

---

      This shareholder derivative action is brought by Plaintiff The Police Retirement

System of St. Louis ("Plaintiff") on behalf of The Western Union Company ("Western

Union") against numerous individual defendants.  (Compl. (ECF No. 3).)  Defendant

Dinyar S. Devitre ("Defendant") removed this case from the District Court of Denver

County, Colorado, on December 12, 2014.  (ECF No. 1.)  Before the Court is Plaintiff's

Motion to Remand ("Motion").  (ECF No. 24.)  For the reasons set forth below, the Court

denies the Motion.

## I. DISCUSSION

Jurisdictional issues must be addressed at the beginning of every case and, if

jurisdiction is found to be lacking, the case or claim comes to an immediate end.  *In re*

*Franklin Sav. Corp.*, 385 F.3d 1279, 1286 (10th Cir. 2004).  "The party invoking federal

jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."

*Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  When a case

is originally filed in state court, there is a "strong presumption" against removal.  *Martin*

*v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

Defendant removed the above-captioned action to this Court on the basis of both

diversity and federal question jurisdiction.  (ECF No. 1 ¶ 4.)  Plaintiff challenges removal

on both bases, contending that the presence of Western Union as a nominal defendant

destroys diversity, and that this case's relationship to a federal securities class action is

insufficient to confer federal question jurisdiction.  (ECF No. 24.)

The parties' dispute with respect to diversity jurisdiction centers on the question

of whether a nominal defendant should be considered when applying the forum

defendant rule, which states as follows:  "A civil action otherwise removable solely on

the basis of [diversity] jurisdiction under section 1332(a) of this title may not be removed

if any of the parties in interest properly joined and served as defendants is a citizen of

the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  Plaintiff argues that

Western Union, undisputedly a Colorado resident (*see* Compl. ¶ 19), is a party in interest that was properly joined and served as a nominal defendant prior to removal, and therefore that the forum defendant rule bars removal.  (ECF No. 24 at 11–15.)  In response to Defendant's contention that nominal defendants should not be considered, Plaintiff argues that the plain language of the forum defendant rule does not exclude nominal defendants, and emphasizes that Western Union's role in this action is as a real party in interest, not a truly "nominal" defendant that is named solely as a formality. (*Id.* at 11–15.)

Neither party has cited any definitive authority on the issue, and the Court has found none.  Rather, both parties rely on non-binding, non-persuasive district court opinions to support their positions, which appear split on the question.  *Compare, e.g.*, *Beck v. CKD Praha Holding, A.S.*, 999 F. Supp. 652, 655 (D. Md. 1998) (holding that "the nominal corporation is essentially disregarded" for diversity jurisdiction when the parties in control of the corporation defend a course of conduct attacked by the shareholder plaintiff), *with, e.g.*, *Khoury v. Oppenheimer*, 540 F. Supp. 737, 738–39 (D. Del. 1982) (holding that citizenship of a nominal defendant in a shareholder derivative action must be considered because it is not a mere formal party and may not be realigned if "the corporation is under the control of management which is antagonistic to the plaintiff shareholders").

The cases cited by the parties discuss two intertwined issues: (1) whether the nominal defendant is merely a formally named party rather than a party with its own interest in the suit; and (2) whether the nominal defendant's interests may be realigned to the side of the plaintiff such that diversity may be preserved.  The first of these issues

3

is more easily resolved.  The U.S. Supreme Court has held that a trust company which

held the amount in controversy did not destroy diversity, despite being named as a

defendant, because it had no interest in the controversy and was not an indispensable

party.  *Salem Trust Co. v. Mfrs.' Fin. Co.*, 264 U.S. 182, 190 (1924).  The role of

Western Union here is far removed from such a superficial level of formality, as its

interests are at precisely the center of the instant litigation.  *Ross v. Bernhard*, 396 U.S.

531, 538–39 (1970) ("The proceeds of the action belong to the corporation and it is

bound by the result of the suit.  The heart of the action is the corporate claim.").

Furthermore, "[a]lthough named a defendant, [the corporation in a derivative suit] is the

real party in interest, the stockholder being at best the nominal plaintiff."  *Id.* at 538.

Accordingly, the Court concludes that Western Union's citizenship may not be

completely disregarded solely because it is denominated "nominal defendant."  *See

Gen. Tech. Applications, Inc. v. Exro Ldta.*, 388 F.3d 114, 121 n.3 (4th Cir. 2004)

(holding that, in shareholder derivative suit, "the legal rights asserted here belong to

[the corporation]. . . .  The various defendants are the other real parties in interest.").

However, the Court must still determine whether Western Union's interests here

are those of a "part[y] in interest . . . as defendant[]" which would subject it to the forum

defendant rule.  28 U.S.C. § 1441(b)(2).  As the U.S. Supreme Court has held:

> The ninety-fourth rule in equity contemplates that there may
> be, and provides for, a suit brought by a stockholder in a
> corporation, founded on rights which may properly be
> asserted by the corporation.  And the decisions of this court
> establish that such a suit, when between citizens of different
> states, involves a controversy cognizable in a circuit court of
> the United States.  The ultimate interest of the corporation
> made defendant may be the same as that of the stockholder
> made plaintiff; but the corporation may be under a control

4

> antagonistic to him, and made to act in a way detrimental to his rights.  In other words, his interests and the interests of the corporation may be made subservient to some illegal purpose.  If a controversy hence arise, and the other conditions of jurisdiction exist, it can be litigated in a Federal court.

*Doctor v. Harrington*, 196 U.S. 579, 587 (1905).  The cases cited in the parties' briefs fail to achieve any consistency, or even to establish a majority view on the question of whether such realignment is appropriate here.  *See Knop v. Mackall*, 645 F.3d 381, 383–84 (D.C. Cir. 2011) (noting that "[t]he Supreme Court and this Court have not yet decided whether a corporation in a shareholder derivative suit is only a nominal party for purposes of 28 U.S.C. § 1441(b)"; citing cases).

Accordingly, the Court has examined the question and concludes that Western Union's interests in this action are more aligned with Plaintiff's interests than Defendants'.  As Plaintiff has pled in its Complaint, it brings this action on behalf of Western Union in order to obtain compensation for monetary and reputational damages to Western Union.  (Compl. ¶ 1.)  Plaintiff alleges that the individual defendants, all directors of Western Union at the relevant time, were responsible for such damages by breaching their fiduciary duties to Western Union and wasting its corporate assets, and were consequently unjustly enriched to Western Union's detriment.  (*Id.* ¶¶ 132–48.) The Supreme Court's decision in *Ross* supports a finding that Western Union's interests—the "legal rights asserted here" by Plaintiff, *see Gen. Tech.*, 388 F.3d at 121 n.3—are truly those of the plaintiff in this action, while Plaintiff, the shareholder, is "at best the nominal plaintiff."  396 U.S. at 539.

The Court concludes that Western Union's interests are aligned with Plaintiff's,

and that therefore Western Union is not a "part[y] in interest properly joined and served as defendant[]" which would subject it to the forum defendant rule.  28 U.S.C. § 1441(b)(2).  Consequently, the Court concludes that there is complete diversity between the parties, and removal was proper on that basis.  *See* 28 U.S.C. § 1332(a); *id*. § 1441(a) (removal is proper where federal court had original jurisdiction over a case).

Because the Court finds that it has diversity jurisdiction, it need not consider Plaintiff's argument that no federal question jurisdiction exists.

## II.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (ECF No. 24) is DENIED.

Dated this 23rd day of April, 2015.

BY THE COURT:

William J. Martínez
United States District Judge